MILLS, Judge.
The Ocean City-Wright Fire Control District (District) appeals two orders of the Public Employees Relations Commission (PERC). We affirm both orders.
In the first order appealed, the PERC certified a collective bargaining unit including captains, lieutenants, firefighters, and fire inspectors. The chief and all other employees of the District were excluded. The District contends that the certification of the unit was inappropriate because captains and fire inspectors were included.
Because of substantial competent evidence in the record, and according substantial deference to construction of a statute by an agency charged with its enforcement, we affirm the PERC’s decision to include captains and fire inspectors in the bargaining unit. See Palm Beach Jr. College v. United Faculty of Palm Beach Jr. College, 425 So.2d 133 (Fla. 1st DCA 1982).
The PERC has previously included captains and other shift commanders in rank- and-file bargaining units. It is not apparent that captains in the District have more supervisory authority than shift commanders included in other rank-and-file bargaining units. See, e.g. Professional Fire Fighters of Pasco, Local 2732, IAFF v. Pasco County Bd. of County Commissioners, 7 FPER 12211 (1981).
In addition, the District did not contend before the PERC that the captains were managerial employees within the meaning of Section 447.203(4), Florida Statutes (1981), and thus excluded by definition from public employee collective bargaining. The District cannot make that argument for the first time on appeal.
Captains in the District work the same shifts as lieutenants and firefighters. They eat, sleep and train together in the same quarters. Although it is not required, the captains almost always participate in extinguishing structural fires.
The PERC weighed inherent supervisory conflict against the community of interests captains share with others in the bargaining unit and determined that the community of interests was great enough to justify the inclusion of captains. We defer to the PERC’s expertise where, as here, competent and substantial evidence for the decision exists in the record.
We next consider the PERC’s decision to include fire inspectors in the bargaining unit.
Fire inspectors with duties similar to those of inspectors in the District have been included in rank-and-file bargaining units in the past. See, e.g. Professional Fire Fighters of Daytona Beach Shores, Local 2837 v. City of Daytona Beach Shores, 8 FPER 13028 (1981). The decision to include fire inspectors in this instance was not only consistent with prior agency action, but also based on substantial competent evidence.
Fire inspectors in the district must be certified firefighters. Although it is not their main function, the inspectors do fight fires. From these uncontroverted facts, the PERC could find a community of interests sufficient to justify including fire inspectors in the bargaining unit. That part of the order including fire inspectors in the bargaining unit is also affirmed.
In the second order appealed, the PERC denied the District’s post-election petition. The District contends that the PERC did not consider the issues raised in the petition, thereby violating Florida Administrative Code Rule 38D-18.05.
*415 The petition, however, did nothing more than protest the inclusion of captains in the bargaining unit. It did not relate to “conduct of the election or conduct affecting the results of the election” as required by Florida Administrative Code Rule 38D-18.05(1).
Because the PERC had already determined that captains were appropriately included in the bargaining unit, substantive consideration of the post-election petition would serve no purpose.
The order denying the post-election petition is therefore affirmed.
SHIVERS and ZEHMER, JJ., concur.