WIGGINTON, Judge.
Appellant, Amalgamated Transit Union (ATU), appeals two orders of the Public Employees Relations Commission (PERC). The first order directed a representation election among Pinellas Suncoast Transit Authority’s (PSTA) employees and the other order dismissed ATU’s objections to pre-election conduct which resulted in ATU’s decertification from representing a segment of those employees. We affirm.
The dispute arose after the October 1984 merger of the City of St. Petersburg and PSTA transit operations, after which the city employees, who were represented by appellee, International Brotherhood of Firemen and Oilers (IBF & O), became employees of PSTA. At the time of the merger, PSTA employees were represented by appellant ATU. All of the employees represented by the two unions were bus drivers and maintenance personnel and, according to the evidence, all of the covered employees performed the same type of work and are subject to the same rules and procedures.
Prior to the October 1984 merger, PSTA and ATU entered into agreements concerning the future transfer of the city employees to PSTA in ATU’s effort to begin representing those employees through accretion. As a result of those agreements, IBF & O filed an unfair labor practice (ULP) charge against PSTA alleging various violations of section 447.501, Florida Statutes, in regard to IBF & O’s contract with the city employees. At the time of the merger, the number of city employees represented by IBF & O who were transferred to PSTA was approximately the same as the number of existing PSTA employees who were represented by ATU. As a result of the merger and expansion of PSTA, PSTA reorganized its operations, creating a northern and southern division, over which a central administration presides. Paychecks for all *667 northern and southern division drivers and maintenance employees are processed in the same central location and all such employees have access to identical insurance programs and are governed by the same vacation and holiday schedules.
On October 15, 1984, PSTA filed a motion to add ATU as a party respondent to the ULP proceedings. The hearing officer directed IBF & O and ATU to respond to the motion, but ATU filed no response. On October 24, the hearing officer entered an order designating ATU as a party respondent in the ULP case “because it may have its substantial interests affected by agency action resulting from this proceeding.” The order also declared that ATU could protect its interests by making an appearance and participating in the proceeding. ATU filed a special appearance and appealed the hearing officer’s order, but PERC affirmed, finding that ATU was an appropriate party.
ATU had notice of a November 1984 evidentiary hearing, at which its counsel appeared but did not participate. In pre-hearing statements, both IBF & 0 and PSTA raised an issue as to the appropriate bargaining unit for PSTA employees. In December 1984, the hearing officer issued a recommended order concluding that PSTA had committed a ULP by entering into negotiations with ATU concerning employees which ATU was not certified to represent. IBF & O and PSTA filed exceptions to the recommended order, but ATU filed no exceptions.
In January 1985, IBF & 0 filed a petition to amend certification and a representation — certification petition with 139 authorization cards signed by PSTA employees requesting to be represented by IBF & 0. ATU was served copies of both petitions. At the same time, PERC issued a notice of oral argument to be heard on January 29, 1985, a copy of which was sent to ATU’s attorney. On that day, counsel for IBF & 0 and PSTA entered into a stipulation acknowledging that the parties had fully litigated the unit appropriateness issue and that they had no desire to present any further evidence or argument on that issue. They agreed that PERC should finally resolve that issue. ATU did not appear at the January 29 oral argument.
On January 31, PERC issued an order of consolidation, consolidating the ULP case with the petition to amend certification and the representation — certification petition. Also on that date, PERC issued to ATU an order to show cause why PERC should not determine the appropriate bargaining unit based exclusively upon the record in the ULP case without presentation of further evidence or argument. By letter dated February 18, ATU responded, indicating that it was of the impression that the city employees would be included in the existing ATU unit and that if the IBF & 0 unit constituted an inappropriate unit which PSTA refused to voluntarily recognize, the employees represented by IBF & 0 would have to await the statutory window period to file a representation petition.
On March 15, PERC issued a proposed order concluding that PSTA had committed a ULP by entering into the negotiations and agreements with ATU concerning the city employees which ATU is not certified to represent and that the appropriate unit, for purposes of collective bargaining, was a unit consisting of all of PSTA’s present blue collar employees — a countywide bargaining unit. PERC thus ordered that a secret ballot election be held in the countywide unit. ATU filed exceptions to the proposed order, arguing that the “contract bar rule” of section 447.307(3)(d) precludes an immediate election in this case. In response to that exception in its final order, PERC construed the statute in pari materia with the remainder of chapter 447 as well as article I, section 6, Florida Constitution. PERC concluded that a literal reading of section 447.307(3)(d) is untenable in the instant situation and that the contract bar applies only when the unit in question remains appropriate. It found that not to be the situation in the instant case since maintaining two units would be inappropriate. PERC noted that when faced with a similar situation, the National Labor Relations *668 Board refused to apply the contract bar doctrine. Martin-Marietta Chemicals, 270 NLRB No. 114 (1984). PERC further explained that its unit appropriateness decision was reached after considering all of the section 447.307(4) criteria and rule 38D-17.22, Florida Administrative Code.
We agree with PERC’s refusal to apply the contract bar doctrine in the instant case. Section 447.307(3)(d) provides:
No petition may be filed seeking an election in any appropriate bargaining unit to determine the exclusive bargaining agent if a representation election has been conducted within the preceding 12-month period. Furthermore, if a valid collective bargaining agreement covering any of the employees in a proposed unit is in effect, a petition for certification may be filed with the commission only during the period extending from 150 days to 90 days immediately preceding the expiration date of said agree-ment_(Emphasis supplied.)
We adopt PERC’s view that when a bargaining unit is no longer appropriate, due, for example, to a merger, application of the contract bar doctrine would be indefensible. Compare Martin-Marietta. That view is bolstered by other statutory provisions, such as 447.307(2), which provides:
If the public employer refuses to recognize the employee organization, the employee organization may file a petition with the commission for certification as the bargaining agent for a proposed bargaining unit.
Further, section 447.207(6) provides:
[T]he commission shall resolve questions and controversies concerning claims for recognition as the bargaining agent for a bargaining unit, determine or approve units appropriate for purposes of collective bargaining, expeditiously process charges of unfair labor practices in violation of s. 447.505 by public employees, and resolve such other questions and controversies as it may be authorized herein to undertake.
PERC’s determination of the appropriate unit in this case is supported by competent substantial evidence in the record and is within the discretion accorded PERC by law. As Florida appellate courts have historically found, we afford PERC substantial deference in its application of the unit appropriateness criteria set forth in section 447.307(4). See Ocean City-Wright Fire Control District v. Ocean City-Wright Fire Fighters Association, 440 So.2d 413 (Fla. 1st DCA 1983). Having validly found that the two separate units within the PSTA organization would be improper, PERC was correct in determining that a new election was necessary to establish a single appropriate bargaining unit and the provisions of section 447.307(3)(d) are not under these circumstances a bar to that determination.
ATU contends that it was improperly named a party in the ULP proceeding. However, section 120.52(ll)(a) includes in the definition of “party,” “specifically named persons whose substantial interests are being determined in the proceeding.” PERC’s determination that ATU did have substantial interests that were being determined in the proceeding was reasonable and is supported by the record. Thus, ATU was validly joined as an appropriate party.
The record further shows that throughout the proceedings, ATU was given adequate notice and the opportunity to be heard as to each question litigated. Considering the provisions of sections 447.-207(6) and 447.307(2), as well as other provisions of chapter 447, PERC acted within its powers in resolving all of the issues which arose from the section 447.307 proceedings before it. Consequently, contrary to an additional argument made by ATU, PERC’s resolution of this case did not constitute the promulgation of a rule, subjecting PERC to rulemaking procedures of section 120.53, Florida Statutes. Section 447.-207(6) exempts from the definition of a rule “any commission statement of general applicability that implements, interprets, or prescribes law or policy, made in the course of adjudicating a case pursuant to section 447.307 or 447.503....”
*669 Having thoroughly considered all of the arguments made by the parties, some of which have not been discussed herein, we find no reversible error in the proceedings below and therefore the two orders on appeal are affirmed.
ERVIN and BARFIELD, JJ., concur.